## ATTACHMENT A

### STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On or about February 26, 2019, law enforcement in Montgomery County, Maryland, pulled over a silver Chevrolet Tahoe bearing Delaware temporary tags for having a non-functioning brake light. The Defendant, **MARLON DASHAWN FULLER** ("**FULLER**"), was a passenger in the vehicle.

Upon approaching the vehicle, law enforcement detected the odor of marijuana and asked both occupants to exit the vehicle. When law enforcement asked **FULLER** if he had any weapons on him, **FULLER** responded, "Yes." In a search of **FULLER**'s person, law enforcement recovered marijuana, a fake South Carolina driver's license with **FULLER**'s photograph and the name of someone else, and a Springfield Armory XD-S .45 Caliber semi-automatic pistol bearing serial number S3300237, loaded with approximately three rounds of .45 ACP ammunition and a magazine contained in the firearm.

The pistol meets the definition of a "firearm" as contained in 18 U.S.C. § 921(a)(3), and the three rounds of .45 ACP ammunition meet the definition of "ammunition" as contained in 18 U.S.C. § 921(a)(17)(A). The pistol and ammunition were manufactured outside of Maryland and travelled in interstate commerce prior to their recovery in Maryland on February 26, 2019.

The pistol that **FULLER** possessed was stolen from its owner in Georgia, in or around February 6 or 7, 2019.

Prior to February 26, 2019, **FULLER** had been—and knew that he had been—previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, and his civil rights had not been restored.

Rev. August 2018

9

SO STIPULATED:

_____
Catherine K. Dick
Assistant United States Attorney

_____
Marlon Dashawn Fuller
Defendant

_____
John Chamble, Esq.
Counsel for Defendant